# A

CAUSE NO. CV-63443

| | | |
|---|---|---|
| Allen Seriale | § | IN COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § |  |
| | § | |
| Transocean Offshore Deepwater Drilling, | § | |
| Inc.; Transocean, Ltd.; Transcocean | § | |
| Deepwater, Inc.; BP Exploration and | § | |
| Production Inc.; BP, PLLC; BP Products | § | |
| North America Inc.; BP Corporation North | § | NUMBER  1 |
| America, Inc.; Halliburton Energy Services, | § | |
| Inc.; Sperry-Sun Drilling Services, Inc.; and | § | |
| Cameron International Corporation d/b/a | § | |
| Cameron Systems Corporation | § | |
| | § | |
| Defendants. | § | GALVESTON COUNTY, TEXAS |

### Plaintiff's Original Petition

Plaintiff Allen Seriale ("Plaintiff") complains of Defendants Transocean Offshore Deepwater Drilling, Inc., Transocean, Ltd.; Transcocean, Deepwater, Inc. ("Transocean"), BP Products North America Inc. ("BP"), BP Exploration and Production Inc. ("BP"), BP, PLLC ("BP"), BP Corporation North America, Inc. ("BP"), Halliburton Energy Services, Inc. ("Halliburton"), Sperry-Sun Drilling Services, Inc. ("Sperry"), and Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") (all defendants collectively as "Defendants"), and would respectfully show the Court that:

A CERTIFIED COPY   SEP 14 2010
Attest: _____
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
CODY STOTT

## I.

### Jurisdiction

1. This claim is maintained under the Jones Act (46 U.S.C. §§ 30104, *et seq.*) and/or the general maritime law of the United States. The Court has jurisdiction under the "Savings to Suitors" clause.

2. These claims are filed in state court pursuant to the "Saving to Suitors" clause. It is well-settled that Jones Act cases are not removable to federal court. This is true even when a Jones Act claim is joined with claims which would otherwise be removable had no Jones Act claim been asserted. Moreover, several defendants are Texas citizens. As such, this case cannot be removed on the basis of diversity jurisdiction. Further, any attempt to stay this case by any defendant under a limitation of liability action (seeking to limit the liability to the value of the vessel) is patently frivolous and designed solely to deprive plaintiffs and other similarly injured persons from their chosen venue, constitutional right to a jury, and day in court. Additionally, it is undisputed that the tragedy necessitating this claim occurred on a floating vessel on navigable water and not on an OCSLA situs. Any removal of this case would be objectively and subjectively in bad faith. A frivolous removal would also unnecessarily complicate and multiply the proceedings. As a result, Plaintiffs hereby give notice that they will seek *sanctions* against any Defendant that removes this case. Further, if any Defendant does decide to frivolously remove this case, they must remove it to the Galveston Division of the Southern District of Texas since this case is pending in Galveston County. 28 U.S.C. § 1446(a).

A CERTIFIED COPY
SEP 1 4 2010
Attest:_____
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT

## II.

### Venue

3. Venue is proper here pursuant to Texas Civil Practice and Remedies Code, Section 15.0181 and 15.002 because a substantial part of the events giving rise to this action occurred in Galveston County, the residents of Galveston County are affected by this tragedy and spill, witnesses reside in the County, and Defendants do substantial business in, have offices in, and have the vast majority of their employees in this County. Further, BP is primarily based in Galveston County.

## III.

### Discovery Level

4. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### Parties

5. Plaintiff Allen Seriale is a resident of another state. At the time of the explosion, Mr. Seriale was employed by Transocean as the DEEPWATER HORIZON's assistant driller.

6. Defendant Transocean Offshore Deepwater Drilling Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

7. Defendant Transocean, Ltd. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate

3

A CERTIFIED COPY
Attest: SEP 14 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

8. Defendant Transocean Deepwater, Inc. is a foreign entity with its principal place of business in Texas, and may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Suite 400, Austin, Texas 78701.

9. Defendant BP Products North America Inc. is a foreign entity with its principal place of business in Texas. BP Products North America Inc. may be served with process through its registered agent, Prentice Hall Corp. System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

10. Defendant BP Exploration and Production Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

11. Defendant BP, PLLC is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

12. Defendant BP Corporation North America, Inc. is a foreign entity with its principal place of business in Texas. BP Corporation North America, Inc. may be served with process at Prentice Hall Corp. System, 701 Brazos Street, #1050, Austin, Texas 78701.

13. Defendant Halliburton Energy Services, Inc. is a foreign entity with its principal place of business in Texas. Halliburton Energy Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

A CERTIFIED COPY
Attest: SEP 1 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

14. Defendant Sperry-Sun Drilling Services, Inc. is a foreign entity with its principal place of business in Texas. Sperry-Sun Drilling Services, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

15. Defendant Cameron International Corporation d/b/a Cameron Systems Corporation is a foreign corporation with its principal place of business in Texas. Weatherford International, Inc. may be served with process at CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

V.

### Nature of the Action

16. Plaintiff suffered severe injuries as a result of the senseless DEEPWATER HORIZON explosion on April 20, 2010. At the time, Plaintiff was a seamen, borrowed or otherwise. While the DEEPWATER HORIZON was deployed on navigable waters, and while Plaintiff was contributing to and aiding such vessel to accomplish its mission, Plaintiff was critically injured, both physically and mentally, as a result of the explosion. Aside from the human losses, the explosion has caused what is expected to be the worst man-made environmental disaster in U.S. history – far eclipsing the EXXON VALDEZ oil spill in 1989.

17. The DEEPWATER HORIZON was a floating semi-submersible drilling rig owned by Transocean. It was built in 2001, utilized dynamic positioning technology, and was designed to move from location to location as necessary. BP leased the drilling rig from Transcocean for $500,000 per day. The total lease contract was worth more than $544 million. Prior to the April 20th explosion, the DEEPWATER HORIZON had suffered other fires, collisions, and oil spills.

5

A CERTIFIED COPY SEP 14 2010
Attest: _____
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
CODY STOTT

18. As a result of the tragedy, U.S. Attorney General Eric Holder is considering bringing criminal charges against BP. This would not be the first time BP has faced criminal charges in relation to its activities in and around the Gulf of Mexico. In 2007, BP pled guilty to felony charges arising out of the March 2005 explosion at its Texas City refinery which killed 15 workers and injured hundreds more. After that explosion, BP was fined more than $21 million by OSHA – the largest penalty ever issued at that time. BP was also required to fix the deficiencies which led to the Texas City disaster. However, BP refused to comply with its obligations and failed to make the required safety upgrades. As a result, in 2009, BP was fined an additional $87 million by OSHA – by far the largest fine in OSHA history. BP's reckless safety culture is systemic.

19. The DEEPWATER HORIZON tragedy was caused by, among other things, a failure of the rig's well control system. Cameron supplied much of the rig's inadequate, defective blow out prevention equipment.

20. Halliburton was in charge of cementing the well, but failed to safely do its job. Halliburton's failures contributed to the explosion. Halliburton's faulty cementing work has been linked to other major offshore disasters. For instance, Halliburton's cementing work caused a massive blowout in August 2009 on another rig off the coast of Australia. Moreover, Sperry (a division of Halliburton) was charged with real time gas monitoring, but failed to safely perform this function.

21. Defendants are negligent, negligent per se, grossly negligent, and reckless for the following reasons:

   a. failure to properly supervise their crew;

A CERTIFIED COPY
Attest: SEP 1 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
CODY STOTT

  b. failure to properly train their employees;

  c. failure to provide adequate safety equipment;

  d. failure to provide adequate medical treatment;

  e. operating the vessel with an inadequate crew;

  f. failure to maintain the vessel;

  g. failure to conduct a proper search and rescue mission;

  h. vicariously liable for their employees' and agents' negligence, negligence per se, gross negligence, and recklessness;

  i. violating applicable Coast Guard, MMS, and/or OSHA regulations;

  j. failure to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

  k. failure to provide sufficient personnel to perform operations aboard the vessel;

  l. failure to exercise due care and caution;

  m. failure to avoid this accident; and

  n. other acts deemed negligent.

22. At all relevant times, the DEEPWATER HORIZON was unseaworthy.

23. As a result of said occurrences, Plaintiff sustained the following damages:

  a. Past, present, and future physical pain and suffering;

  b. Past, present, and future mental pain, suffering, and anguish;

  c. Past, present, and future medical expenses;

  d. Past lost wages;

  e. Loss of future earning capacity;

  f. Loss of fringe benefits;

A CERTIFIED COPY
Attest: SEP 1 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
CODY STOTT

      g.    Disfigurement and/or disability;

      h.    Loss of enjoyment of life; and

      j.    All other damages recoverable under law.

24.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton, arbitrary, and capricious. They acted with flagrant and malicious disregard of Plaintiff's health and safety and the health and safety of Plaintiff's co-workers. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them and the faulty, defective equipment provided to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions. Moreover, Plaintiff may recover punitive damages under the general maritime law following the United States Supreme Court's ruling in *Atlantic Sounding* and *Exxon Shipping Company*.

25.    As a result of said occurrences, Plaintiffs sustained severe injuries to his body which resulted in physical pain, suffering, mental anguish, fear, and discomfort. Plaintiff continues to suffer following his injuries. He owed maintenance and cure for the past and the future. To the extent Defendants have refused and will refuse to pay maintenance and

A CERTIFIED COPY
Attest: SEP 1 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By _____ Deputy
CODY STOTT

cure, their refusal is willful, intentional, arbitrary, and capricious, entitling Plaintiff to an award of attorneys' fees and punitive damages. Plaintiff has sustained a loss of earnings in the past and earning capacity in the future. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

## VI.

### Jury Trial

26. Plaintiff hereby requests a trial by jury on all claims.

## VII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

**DATED: August 3, 2010.**

9

A CERTIFIED COPY
Attest: SEP 1 4 2010
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____Deputy
CODY STOTT

Respectfully submitted,

ARNOLD & ITKIN LLP

*Kurt B Arnold*

Kurt B. Arnold
State Bar No. 24036150
Jason Itkin
State Bar No. 24032461
Cory Itkin
State Bar No. 24050808
Robert P. Wynne
State Bar No. 24060861
Paul Skrabanek
State Bar No. 24063005
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone:  (713) 222-3800
Facsimile:  (713) 222-3850

-AND-

KELLEY|WITHERSPOON, LLP

Kevin Kelley
State Bar No. 24038993
Erin N. Anderson
State Bar No. 24040431
2614 Main Street
Dallas, Texas 75201
Telephone:  (972) 850-0500
Facsimile:  (972) 850-0400

**ATTORNEYS FOR PLAINTIFF**

FILED 10 AUG -4 AM 10:29
Mary Ann Daigle
COUNTY CLERK
GALVESTON COUNTY, TEXAS

10

A CERTIFIED COPY
SEP 1 4 2010
Attest:_____
MARY ANN DAIGLE, County Clerk
Galveston County, Texas
By_____ Deputy
CODY STOTT